IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEFERINO V.L., | Civil No. 1:26-cv-04162-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | A# 215-892-771 |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ceferino V.L.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  When Petitioner came to the United States as an unaccompanied minor in

August 2018, immigration officers detained him and commenced removal proceedings

under 8 U.S.C. § 1229a.  Dkt. No. 1, at pgs. 7–8.  Petitioner subsequently filed an asylum

application that remains pending.  *Id.* at pg. 2.

Petitioner was transferred to the U.S. Department of Health and Human

Services' Office of Refugee Resettlement (ORR) and later released to his sponsor, an

uncle.  *Id.*  ORR's release of Petitioner reflects the government's determination that he

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

was neither a flight risk nor a danger to the community.  *See Sergio S.M. v. Noem*, No.

1:25-cv-01973-KES-HBK (HC), 2025 WL 3768206, at *1 (E.D. Cal. Dec. 31, 2025).

Petitioner had an encounter with law enforcement in April 2026, but no charges

have been filed.[2]  Dkt. No. 1, at pg. 8.  In May 2026, immigration officers arrested

Petitioner in front of his home.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending that his May

2026 arrest and detention, without any pre-deprivation process, violate, among other

things, his constitutional due process rights.  *Id.* at pgs. 14–15.  This court and many

others have granted relief in cases analogous to this one.  *See, e.g., Brandon A.R. v.

Warden of Golden State Annex*, No. 1:26-cv-03004-MWJS, 2026 WL 1139597 (E.D. Cal. Apr.

27, 2026); *Sergio S.M.*, 2025 WL 3768206; *Maldonado Perez v. Warden of the Central Valley

Annex*, No. 1:26-cv-03538 (VC), 2026 WL 1365782 (E.D. Cal. May 15, 2026); *Almendarez v.

Warden, California City Corr. Ctr.*, No. 1:26-cv-03111-JLT-FJS, 2026 WL 1189190 (E.D. Cal.

Apr. 30, 2026).  The court has again considered these precedents and concluded that

they reached the correct result based on the current state of Supreme Court and circuit

precedent.  To resolve this case, therefore, the court need only determine whether there

is any factual or legal basis to distinguish those prior decisions.

---

[2]     A rap sheet filed by Respondents reflects that Petitioner was arrested in March
2026, for loitering for the purpose of engaging in a prostitution offense, a misdemeanor
under California law, but he was not prosecuted due to lack of sufficient evidence.  Dkt.
No. 6-3, at pg. 5.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable" from cases such as those listed above.  Dkt. No. 5.  The court appreciates Respondents' timely and candid opposition.  Dkt. No. 6.  Although Respondents maintain that Petitioner's detention is lawful, they make no effort to distinguish this case from those cited above.  Indeed, Respondents "agree that the factual and legal issues present here are not substantively distinguishable" from those in the cases highlighted by the court.[3]  *Id.* at pg. 3.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count II, to the extent Petitioner argues that his due process rights have been violated.  Because it is unnecessary to resolve the other count in the petition, the court declines to do so.  Respondents are ORDERED to immediately release Petitioner Ceferino V.L. (A# 215-892-771) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

---

[3]    Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 6, at pg. 2, which presents the issue of whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  Those are not the factual circumstances presented here.  The record reflects that the government initially detained Petitioner in 2018, then released him.  Given the factual differences between this case and *Rodriguez*, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. Given the foregoing, Petitioner's motion for a temporary restraining order and preliminary injunction, Dkt. No. 2, is DENIED as moot.

IT IS SO ORDERED.

DATED: June 2, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04162-MWJS; *Ceferino V.L. v. Warden, Golden State Annex Detention Facility,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS